IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MEDISPEC, LTD.                     :
                                   :
                                   :
      v.                           :   Civil Action No. DKC 15-1904
                                   :
JOHN CHOUINARD                     :
                                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract case is a motion for a preliminary injunction filed by Plaintiff Medispec, Ltd. ("Medispec" or "Plaintiff") (ECF No. 4) and a motion to dismiss filed by Defendant John Chouinard ("Defendant") (ECF No. 28).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted and the motion for a preliminary injunction will be denied as moot.

**I.   Background**

   **A.   Factual Background**

The following facts are taken from Plaintiff's complaint. (ECF No. 2).  Medispec "develops, leases, and sells medical products to hospitals, universities, institutions, and medical practitioners."  (*Id.* ¶ 5).  A "primary focus" for Medispec is the design and lease or sale of lithotripters, a device that "pulverizes kidney, bladder, and ureteral stones using

shockwaves." (*Id.* ¶ 7). Defendant began working as a sales representative for Medispec in March 2009. Defendant marketed, leased, and sold lithotripter devices for Medispec throughout the United States. (*Id.* ¶ 9). Defendant's employment contract, which he entered into in March 2009, contained the following non-compete clause:

> The Employee undertakes, during employment with the Company and for a period of one year, thereafter, not to be employed nor to engage, operate, join, control or participate in the ownership, management, operation or control of, or be connected as an officer, employee, partner, creditor, licensor, or in an capacity whatsoever, directly or indirectly, by himself and/or together with and/or through other(s), business which competes, directly or indirectly, with that of the Company or its affiliates or subsidiaries.

(ECF No. 28-2, at 6).[1]

Defendant voluntarily terminated his employment with Medispec effective May 15, 2015. (ECF No. 2 ¶ 12). On May 16, 2015, Defendant began working for Dornier MedTech America, Inc. ("Dornier"). (*Id.* ¶ 13). After Defendant gave his notice of voluntary termination but before he began working at Dornier, Medispec informed Defendant that he would be violating the non-compete clause if he attended a major industry conference on

---

[1] In reviewing a motion to dismiss, courts may consider documents referenced or relied upon in the complaint. *Abelman v. Wells Fargo Bank, N.A.*, 976 F.Supp.2d 660, 662 n.1 (D.Md. 2013) (citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

behalf of Dornier. Despite Plaintiff's warning, Defendant worked the conference as a salesperson for Dornier. (*Id.* ¶ 19). Plaintiff contends that Dornier is Medispec's "chief competitor." It asserts that Defendant will "be pursuing and soliciting the same customers that he pursued for Medispec" and will use the good will he built up at Medispec to sell medical equipment for Dornier. (*Id.* ¶¶ 21-22). Plaintiff further notes that Defendant is selling lithotripters and other urology medical equipment for Dornier, which is the same work he did for Medispec. (*Id.* ¶¶ 14-17).

    **B.  Procedural History**

Plaintiff commenced this suit on May 29, 2015 by filing a complaint in the Circuit Court for Montgomery County. (ECF No. 2). Plaintiff also filed the pending motion for a preliminary injunction with the circuit court. (ECF No. 4). Defendant filed an opposition (ECF No. 27), and Plaintiff replied (ECF No. 31). On June 4, 2015, the circuit court issued a temporary restraining order prohibiting Defendant from using Medispec's sales or marketing strategies to sell lithotripters in states in which the parties agreed Defendant had worked for Medispec. (ECF No. 1 ¶¶ 11-14). On June 26, 2015, Defendant removed to this court, citing diversity jurisdiction, 28 U.S.C. § 1332. (*Id.* ¶ 16). On July 27, 2015, Defendant filed the pending motion to dismiss. (ECF No. 28). Plaintiff filed an opposition

(ECF No. 30), and Defendant replied on August 24, 2015 (ECF No. 33). On July 29, the parties held a settlement conference before Magistrate Judge Jillyn K. Schulze but were unable to reach a resolution.

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal

allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal,* 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

**III. Analysis**

Plaintiff asserts that Defendant breached the non-compete clause in his employment contract by immediately working for Dornier. Defendant argues that the clause is unenforceable because it is facially overbroad.[2] The United State Court of Appeals for the Fourth Circuit has noted that, under Maryland Law, there are:

> four requirements that must be met for a restrictive covenant [such as a non-compete clause] to be enforceable: (1) the employer must have a legally protected interest, (2) the restrictive covenant must be no wider in scope and duration than is reasonably necessary to protect the employer's interest, (3) the covenant cannot impose an undue hardship on the employee, and (4) the covenant cannot violate public policy.

*Deutsche Post Global Mail, Ltd. v. Conrad*, 116 F.App'x 435, 438 (4th Cir. 2004) (citing *Silver v. Goldberger*, 231 Md. 1 (1963); *Holloway v. Faw, Casson & Co.*, 319 Md. 324 (1990)).

---

[2] In his motion to dismiss, Defendant also argued that Plaintiff's suit is barred by an arbitration agreement. (ECF No. 28-1, at 10). Defendant has since withdrawn his arguments regarding arbitration. (ECF No. 29).

5

As for the first requirement, "[e]mployers have a legally protected interest in preventing departing employees from taking with them the customer goodwill they helped to create for the employer. Restrictive covenants almost always serve a legitimate employer interest when they restrict former salespersons who serviced, solicited, and were in constant contact with customers." *Id.* at 438; *see also Intelus Corp. v. Barton*, 7 F.Supp.2d 635, 639 (D.Md. 1998). Here, Plaintiff is arguing, *inter alia*, that the non-compete clause is necessary to prevent Defendant from taking the goodwill he built up at Medispec to Dornier. (ECF No. 2 ¶ 22). Taking Plaintiff's allegations as true, it has a legally protected interest in preventing Defendant from trading on the goodwill he generated while employed at Medispec.

Defendant argues that, even if the non-compete clause serves a legally protected interest, it is unenforceable because it is facially overbroad in scope. (ECF No. 28-1, at 6). In particular, Defendant points to the fact that the non-compete clause, as written, would prohibit him from working in any capacity "directly or *indirectly*" for a business which "competes, directly or *indirectly*" with Medispec "or its affiliates or subsidiaries" anywhere in the world. (ECF No. 33, at 6 (emphases added)). Defendant relies, in large part, on two cases that found non-compete clauses to be unenforceable due to

6

overbreadth. First, the Fourth Circuit found a clause to be overbroad because it prohibited a sales representative, for two years, from engaging:

> directly or indirectly . . . in any activity which may affect adversely the interest of the Company or any Related Corporation and the businesses conducted by either of them, including, without limitation, directly or indirectly soliciting or diverting customers and/or employees of the Company or any related Corporation or attempting to so solicit or divert such customers and/or employees.

*Deutsche Post*, 116 F.App'x at 436-37. More recently, Judge Nickerson, relying extensively on *Deutsche Post*, granted a defendant's motion to dismiss because the non-compete clause was overbroad. *MCS Services, Inc. v. Jones*, No. WMN-10-1042, 2010 WL 3895380 (D.Md. Oct. 1, 2010). There, the non-compete clause stated that the defendant "shall not . . . directly or indirectly . . . be employed by . . . any other entity . . . in competition with, or similar in nature to the Company's Business in any geographic area where the Company does business." *Id*. at *4. Here, Defendant argues that the broad language similarly renders the non-compete clause unenforceable.

Plaintiff counters that, in the context of the small and specialized market in which Medispec functions, the non-compete clause is not overbroad and is enforceable. (ECF No. 30, at 3-4). Plaintiff notes that there are only "six or so other

7

companies in the very limited market for lithotripters," and the non-compete clause is designed only to prohibit Defendant from working for this small handful of companies. Plaintiff argues that the clause does not require a geographic limitation because the small market sufficiently limits the scope. (*Id.* at 7); *see also Padco Advisors, Inc. v. Omdahl*, 179 F.Supp.2d 600, 607 (D.Md. 2002).

"In assessing the reasonableness of scope and duration [of a non-compete clause], 'a determination must be made based on the scope of each particular covenant itself; and, if that is not too broad on its face, the facts and circumstances of each case must be examined.'" *Deutsche Post*, 116 F.App'x at 438 (quoting *Becker v. Baily*, 268 Md. 93 (1973)). Here, an examination of the particular facts is not necessary because the clause is overly broad on its face. The non-compete clause's lack of geographic scope does not make it *per se* unenforceable where, as here, Medispec participates in a national or global market. *See Intelus Corp.*, 7 F.Supp.2d at 641. However, the scope of the proscribed activity is significantly overbroad. The reasoning in *Deutsche Post* and *MCS Services* is illustrative. In *Deutsche Post*, the Fourth Circuit held that the restriction on engaging "in any activity which may affect adversely the interests of the Company" was too broad because it was not "specifically targeted at preventing [the defendants] from

trading on the goodwill they created" while at the company. *Deutsche Post*, 116 F.App'x at 438. Much like here, "the restrictive covenant seem[ed] designed to prevent any kind of competition by" the defendants. *Id.* Similarly, in *MCS Services*, Judge Nickerson found that the restrictive covenant was too broad because it was "not specifically targeted at activities that would jeopardize the goodwill" the defendant created on behalf of his former company. 2010 WL 3895380, at *4. Instead, the restriction, like here, prevented the defendant "from working for any competitor, regardless of whether his new responsibilities [sought] to exploit" his former company's goodwill. *Id.*

Although Plaintiff insists that the clause was designed only to prevent former employees from moving to one of the approximately six direct competitors in the lithotripter market, the actual language of the clause is far broader. As written, the non-compete clause would broadly prohibit Defendant from being employed by, engaging with, or being connected to, either directly or indirectly, any direct or indirect competitor of Medispec. Much like in *Deutsche Post* and *MCS Services*, the clause here would prohibit Defendant from obtaining employment *in any capacity* for a presumably large number of medical device companies, even beyond those selling lithotripter devices, that indirectly compete with Medispec. The clause is not limited to

9

preventing employment with Medispec's direct competitors. It also prevents Defendant from taking any job, no matter how unrelated to his prior sales work, with a company that indirectly competes with Medispec or its affiliates and subsidiaries.[3] Accordingly, these restrictions are overly broad and not reasonably targeted to achieve Plaintiff's stated interest in protecting its goodwill.

Plaintiff points to two cases upholding restrictive covenants to argue that its non-compete clause is enforceable, but the language in both cases is sufficiently narrower than the language at issue here.[4] In *Intelus Corp.*, the non-compete clause was limited to businesses that "*compete directly for* the customers and accounts" of the company. *Intelus Corp.*, 7 F.Supp.2d at 637 (emphasis added). In *Padco Advisors*, the "carefully drafted language" applied to only two companies. *Padco Advisors*, 179 F.Supp.2d at 602. Conversely, the clause here contains no such limitations. It is not limited solely to

---

[3] "If a restrictive covenant is unnecessarily broad, a court may blue pencil or excise language to reduce the covenant's reach to reasonable limits, . . . but Maryland courts have excised restrictions that render a covenant overbroad only in circumstances in which the restrictions are contained in a separate clause or separate sentence." *Deutsche Post*, 116 F.App'x at 439. Because no independent sentence or clause could be excised here to narrow sufficiently the scope, blue penciling is inappropriate.

[4] Also, as Judge Nickerson noted in *MCS Services*, both cases were decided prior to *Deutsche Post*. *See* 2010 WL 3895380, at *4.

companies that compete directly for customers and is not limited to only the handful of companies that directly compete in the lithotripter market with Plaintiff. As such, these two cases are inapposite.[5]

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant will be granted. The motion for a preliminary injunction filed by Plaintiff will be denied as moot. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[5] Because the non-compete clause is unenforceable due to its overbreadth, it is unnecessary to analyze the third and fourth factors.